PER CURIAM.
The Florida Bar has requested that we amend Article XIX of the Integration Rule relating to group legal services, to authorize the imposition of a reasonable application and renewal fee for group legal services plans.[1] The Bar represents that the number of plans submitted for approval in recent years has increased, and that the cost attendant to the approval and renewal of plans is a cost which should be borne by plan members rather than the entire Florida Bar through the dues of its members and its other income sources.[2] The thrust of the Bar’s proposal is that the general membership of the Bar should not bear the costs of monitoring group legal services plans which financially benefit a small number of attorneys in the state and reach only a small segment of the general public.
It is not unusual for The Florida Bar to charge a “user” fee for services to members of the Bar. Florida attorneys wishing to continue their legal education must pay a fee for their admission to programs sponsored by the Bar, and those wishing to identify and advertise areas of the law in which they have substantial experience and education must pay a registration fee under our “designation plan”.[3] It is unusual, however, for the Bar to assess a user fee to persons other than attorneys for a Bar activity or service. In fact, the proposed charges for group legal services plans would be the first such user fees to be borne by lay members of the public for a Bar-sponsored or regulated service.
While it may be true, as the Bar asserts, that direct pecuniary benefits from group representation accrues solely to the few attorneys who represent group members, we are convinced that group legal services plans fulfill an essential role which will benefit, with increasing intensity, both the entire legal profession and, more importantly, an increasing number of citizens who are unable to afford any other form of legal representation.[4] We therefore decline to impose any fee on lay citizens of the state for the governance of activities which this Court has assigned to the Bar.[5]
*251 The petition of The Florida Bar for an amendment to Article XIX of the Integration Rule, seeking to authorize the imposition of reasonable fees for the approval and renewal of group legal services plans, is denied.
ADKINS, BOYD, ENGLAND, SUND-BERG and HATCHETT, JJ., concur.
OVERTON, C. J., and KARL, J., dissent.

. We have exclusive jurisdiction pursuant to Art. V, § 15, Fla.Const.

. Although a considerable portion of the work connected with the approval and renewal of group legal services plans is assigned to the Group Legal Services Committee of the Bar on a voluntary basis, the Bar estimates that staff time will cost approximately $15,300 in 1977.

. Fla.Bar Integr. Rule, art. XXI, § 3, and Fla.Bar Integr. Rule By-Laws, art. XVII, §§ 5 and 9.

. It is noteworthy in this regard that the very first ethical consideration in our Code of Professional Responsibility recites that “[a] basic tenet of the professional responsibility of lawyers is that every person in our society should have ready access to the independent professional services of a lawyer of integrity and competence.” Fla.Bar Code Prof.Resp., E.C. 1-1.

.Subsequent to oral argument in this case, an amicus brief was filed by Legal Representation, Inc., challenging the authority of any state, either directly or indirectly through the Bar, to regulate group legal services plans on the grounds that the regulation of certain types of plans has allegedly been preempted by federal legislation. Amicus suggests that until this issue is resolved, a decision on filing fees by this Court would be premature. Our decision today obviates Legal Representation’s concern.